IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-149 |
| v. | ) | |
| | ) | |
| BRANDON SCOTT WOODLEY, | ) | (JORDAN / GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on October 8, 2015, for a preliminary hearing on a Petition for Warrant for Offender under Supervision [Doc. 21] and a detention hearing to determine the Defendant's release status pending his revocation hearing before District Judge Leon Jordan. Assistant United States Attorney Matthew T. Morris appeared on behalf of the Government. Assistant Federal Defender Paula R. Voss represented the Defendant, who was also present. The Government asked the Court to detain the Defendant pending his revocation hearing, arguing that he is a danger to the community and a flight risk. The Defendant, who had previously requested a preliminary hearing or detention hearing, sought release pending his revocation hearing. He proposed that he continue to live with his mother and remain on the same conditions the Court had previously imposed.

Considering the testimony and arguments at the hearing along with the Court file, the Court finds **PROBABLE CAUSE** to believe that the Defendant has violated the conditions of his release by committing state and/or federal crimes, specifically possession of a handgun while being a felon, aggravated assault for the shooting of Anthony Hall, and possession of controlled substances, all occurring on August 12, 2015. The Court bases this finding on the testimony of

Special Bureau of Alcohol Tobacco Firearms and Explosives (ATFE) Agent Matthew Ernst. Special Agent Ernst testified that he had listened to the recorded statement given by victim Anthony Hall to a Knoxville Police Department (KPD) detective and had interviewed witness Latoysha Burton. The Court finds that Special Agent Ernst's testimony was not discredited or impeached.

With regard to detention, the Court typically orders pretrial detention of a defendant only if it finds no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any person or the community. 18 U.S.C. § 3142(e). With respect to the release or detention of persons appearing for an alleged violation of probation or supervised release, the Court shall order that the defendant be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released. 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(6). The defendant bears the burden of showing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(6).

The Court has considered the factors set forth in 18 U.S.C. § 3142(g) and finds that they weigh in favor of detention. See also United States v. Stone, 608 F.3d 939 (6th Cir. 2010). The nature and circumstances of the violations alleged in this case involve both violence and a firearm. See 18 U.S.C. § 3142(g)(1). Agent Ernst testified that Anthony Hall told the KPD detective that the Defendant shot him through both thighs with a nine millimeter pistol. Second, the Court finds the weight of the evidence of the Defendant's dangerousness to be great. 18 U.S.C. § 3142(g)(2); see Stone, 608 F.3d at 948 (observing that factor (g)(2) "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt"). In addition to Agent Ernst's testimony of Anthony Hall's shooting, Agent Ernst stated that Ms. Burton told him that the Defendant had a fanny pack containing marijuana and cocaine on

2

August 12, 2015; that she had seen him with a gun on several occasions; and that she believed the Defendant carried a gun for protection while selling drugs. The Court finds that this evidence regarding the Defendant's drug trafficking also shows him to be a danger to the community. United States v. Hernandez, 2002 WL 1377911, *2 (E.D. Tenn. Feb. 27, 2002) (Edgar, J.) (holding that drug trafficking is inherently dangerous).

The third factor focuses on the Defendant's history and characteristics. See 18 U.S.C. § 3142(g)(3). The Court observes that the Defendant has a stable place to live with his mother, has worked for most of the two and one-half years that he has been on supervised release, and has generally complied with the terms of his supervised release, with the exception of one positive drug screen, which revealed alcohol use. On the other hand, the court finds that the Defendant's past conduct and criminal history, which includes a 2004 conviction for a drug offense, a 2009 federal conviction for being a felon in possession of multiple firearms, and gang affiliation, weighs in favor of detention. Also, the Court finds that the Defendant was on federal supervised release at the time he committed the alleged violations, a fact which also supports detention. See 18 U.S.C. § 3142(g)(3)(B).

The final factor looks to the nature and seriousness of the danger that would be posed by the Defendant's release. See 18 U.S.C. § 3142(g)(4). The Court also finds this factor to weigh in favor of detention, given the testimony that the Defendant was waiting for the victim in the parking lot of his hotel to confront the victim for his perceived lack of support when the Defendant was fired from his job, and the encounter escalated to what the victim believed was going to be a fist fight in the parking lot, at which time the Defendant retrieved a gun and shot the victim. The Court also heard testimony that the Defendant was dealing drugs; had drugs on his person on August 12, 2015; and carried a gun on several occasions as protection while

dealing drugs. The Court finds that this testimony reveals the nature and seriousness of the danger posed by the Defendant is great.

The Defendant has failed to carry his burden of showing that he is not a danger to the community. The Defendant has also failed to show that release on his prior conditions or any conditions would reasonably assure the safety of the community. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community,[1] and therefore, the Defendant is **ORDERED DETAINED** pending his revocation hearing.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. The Defendant is **ORDERED** to appear for a revocation hearing before United States District Judge Leon Jordan on **October 19, 2015, at 1:15 p.m.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*

_____
H. Bruce Guyton
United States District Judge

---

[1] The Government also presented argument and some testimony indicating that the Defendant is a flight risk, but the Court bases its ruling on its finding that the Defendant is a danger.

4