IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:07-CR-149-RLJ-HBG |
| | ) | | |
| BRANDON SCOTT WOODLEY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Brandon Scott Woodley's Motion for Specific Discovery [Doc. 39], filed on March 17, 2017. Defendant asks the Court to order the Government to disclose the evidence it will present at the Defendant's April 5, 2017 revocation hearing. Specifically, he asks for (1) his probation file and the probation officer's notes, if the Government intends to use these at the revocation hearing and (2) any exculpatory information held by the Government or the United States Probation Office, including the statements of Special Agent Matthew Ernst given prior to Agent Ernst's October 8, 2015 testimony at the Defendant's preliminary revocation hearing. The Government responds that it will not use the probation officer's file or notes at the revocation hearing, that it has provided Defendant with all exculpatory information, and that it has previously provided the statements of Agent Ernst in discovery provided on October 22, 2015. Thus, the Government contends that Defendant's motion is moot.

By way of background, the Court observes that Defendant Woodley entered a guilty plea to being a felon in possession of a firearm in the instant criminal case [case number 3:07-CR-149] and was sentenced [Doc. 20] to fifty-seven months of incarceration followed by three years of supervised release. He began his supervised release on February 12, 2013, and on August 24,

2015, a petition issued for the revocation of his supervised release.[1] The petition alleges that Defendant Woodley possessed a gun and shot another individual in a hotel parking lot These allegations formed the basis of his charges in case number 3:15-CR-143. A jury convicted Defendant Woodley of being a felon in possession of ammunition in case number 3:15-CR-143, and his sentencing hearing is scheduled to take place at the same time as the instant revocation hearing.

Federal Rule of Criminal Procedure 32.1.(b)(2)(B) provides that at the revocation hearing, the person alleged to have violated the conditions of his or her supervised release is entitled to the "disclosure of evidence against the person[.]" The Court begins with the principle that "'supervised release revocation hearings are not criminal prosecutions'" and do not warrant the full complement of constitutional rights that a defendant receives at trial. *United States v. Jones*, No. 5:14-CR-74-DCR, 2017 WL 278478, *1 (E.D. Ky Jan. 20, 2017) (quoting *United States v. Neal*, 512 F.3d 427, 434 (7th Cir. 2008)). The disclosure of evidence required by Rule 32.1(b)(2)(B) means the presentation of evidence at the revocation hearing, not the provision of discovery before the revocation hearing. *Id.*, 2017 WL 278478, at *2; *see United States v. Johnson*, 356 F. App'x 785, 789 (6th Cir. 2009) (holding that defendant was not entitled to receive probation file in discovery prior to supervised release revocation hearing).

Even if Defendant Woodley were entitled to discovery with regard to his revocation hearing, the Government states that it either does not have, does not intend to use, or has already provided the requested items. The Government states that it does not intend to use portions of the Defendant's probation file or the probation officer's notes and that these items are in the possession

---

[1] An amended petition [Doc. 32] was filed on October 29, 2015.

or control of the United States Probation Office, not the Department of Justice. The Court observes that the Government is not required to disclose in discovery items not in its possession or control. See United States v. Presser, 844 F.2d 1275, 1284-85 (6th Cir. 1988). Moreover, in case number 3:15-CR-143, the Defendant has received a Presentence Investigation Report [Doc. 86] prepared by United States Probation Officer Tara Gray and has given notice in that case through counsel that he has no objections to the report. With regard to the Defendant's request for exculpatory information, the Government states that it has already provided the Defendant with any information that is arguably exculpatory with regard to the revocation issue as a part of the discovery in case number 3:15-CR-143. It also states that it provided the requested statements of Agent Ernst in discovery provided on October 22, 2015, with regard to case number 3:15-CR-143.[2]

Accordingly, the Court finds that the Defendant is not entitled to prehearing discovery before his April 5, 2017 revocation hearing. Moreover, the Government either does not have or has already provided all of the items Defendant Woodley seeks in discovery. Thus, the Defendant's Motion for Specific Discovery [**Doc. 39**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[2] The Court notes that the Defendant's current counsel Attorney Forrest Wallace was substituted [Doc. 64] as counsel of record on September 1, 2016. At that time, the Court directed former defense counsel Assistant Federal Defender Benjamin G. Sharp to provide Mr. Wallace with all of the discovery and the Defendant's file. Accordingly, Mr. Wallace ought to already have the requested statements of Agent Ernst.

3